Argued March 1, reversed and remanded April 2, petition for rehearing denied April 24, petition for review denied July 3, 1973

STATE OF OREGON, *Appellant, v.* SHIRLEY DIANE BYLES (No. C-72-07-2206 Cr), *Respondent.*

508 P2d 480

*John W. Osburn,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This is an appeal by the state from an order

sustaining a demurrer to an indictment which reads in. pertinent part as follows:

> "The said defendant, on or between the dates of January 12 and January 14, 1972, in the County of Multnomah, State of Oregon, did unlawfully and knowingly commit theft of money of the United States of America in an aggregate transaction, of the total value of more than Two Hundred Dollars, the property of the Great Western National Bank, Portland, Oregon, in that said defendant did on or about January 12, 1972, cash a check for $100 at a branch of said bank; and did on or about January 14, 1972, cash a check for $140 at a branch of said bank, said defendant well knowing that each of said checks was false and valueless, the said checks being in words and figures as follows:
>
> "[The checks are then fully set out.]"①

The demurrer was sustained on one ground only: "* * * for failure to allege the requisite criminal intent."

In *State v. Jim/White,* 13 Or App 201, 508 P2d 462, Sup Ct *review denied* (1973), we have considered at length the theft statutes enacted by the 1971 Oregon Legislature. In that case we have held that the word "theft" used in the larceny statutes is a word of art, that it is defined in the statutes to include the meaning of the criminal intent requisite in larceny, and that in

---

① The checks are dated January 12 and January 14, 1972 and are drawn on the same-numbered account in two different branches of the same bank, in amounts of $100 and $140, respectively.

ORS 164.055 (1)(a) provides that a person commits first-degree theft if "[t]he total value of the property in a single or aggregate transaction is $200 or more * * *." The state's theory is that the two checks were passed in an "aggregate transaction" amounting to a total over the $200 minimum for first-degree theft. No question is presented in the context of this appeal as to the validity or implications of the "aggregate transaction" theory.

that circumstance the definitions of the statute need not be included in the indictment. Such use of the term "theft" tells the accused of the "* * * nature and cause of the accusation against him * * *" from the standpoint of requisite intent. That decision is conclusive of the appeal at bar.

Reversed and remanded for trial.